IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-01667-KLM

ELIZABETH HANLEY,

    Plaintiff,

v.

TRIZETTO Corporation, a Delaware Corporation,

Defendant.

## STIPULATED PROTECTIVE ORDER

Under Rules 26(c) and 26(c)(7), Fed. R. Civ. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, including but not limited to personnel information regarding employees of a party to this litigation, the Plaintiff's and/or other information which is entitled to protection under Fed.R.Civ.P. 26(c). As a condition of designating information as CONFIDENTIAL, the information must be reviewed by a lawyer who must make a good faith determination that the information is entitled to protection, and designating the information as CONFIDENTIAL represents the attorney's certification of this determination.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep CONFIDENTIAL information confidential survives the completion of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this civil action;

    (b) persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c) the parties;

    (d) the claims counsel or representative of any insurer of any party to this action;

 (e) expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

 (f) the Court and its employees ("Court Personnel");

 (g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

 (h) deponents, witnesses, or potential witnesses;

 (i) jurors and copying services; and

 (j) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information persons listed in subparagraphs 5(d) or 5(g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. Other exceptions to the requirement of written acknowledgment may be made by written agreement of the parties.

7. Documents are designated as CONFIDENTIAL by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential."

8. No copies of CONFIDENTIAL information shall be made except by or on behalf of counsel in this litigation and such copies shall be made an used solely for purposes of litigation.

9. During the pendency of this litigation, counsel shall retain custody of

CONFIDENTIAL information and copies made there from pursuant to paragraph 8 above.

10. Any party that wishes to file CONFIDENTIAL information with the Court must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2 unless the party making the CONFIDENTIAL notation agrees in writing that the information may be filed without seal.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Following the conclusion of the case, the parties may return or destroy the CONFIDENTIAL information or may retain the CONFIDENTIAL information subject to the terms of this Protective Order.

14. If any person receiving and in possession custody or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking CONFIDENTIAL information by one not a party to this action, the receiving party shall give prompt written notice, by hand or email transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the designating party. The designating party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking CONFIDENTIAL information and shall also be solely responsible for its costs and attorney's fees in any proceedings relating to such subpoena or legal process.

15. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

-6-

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this **1st** day of **January**, 2014.

**BY THE COURT:**

_____
United States Magistrate Judge

**STIPULATED BY:**

s/ *Seth J. Benezra*            s/ *Erin A. Webber*

| | |
|---|---|
| Seth J. Benezra, Esq. | Erin A. Webber, Esq. |
| John A. Culver, Esq. | Jordan E. Cornett, Esq. |
| Sarah J. Parady, Esq. | LITTLER MENDELSON, P.C. |
| **BENEZRA & CULVER, P.C.** | 1900 Sixteenth Street Suite 800 Denver, CO 80202 |
| 274 Union Blvd., #220 | |
| Lakewood, CO 80228-1835 | jcornett@littler.com |
| (303) 716-0254 | Telephone: 303.629.6200 |
| sjbenezra@bc-law.com | Fax: 303.629.0200 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## Exhibit A to Protective Order

STATE OF _____ )
) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. I have received a copy of the Protective Order in case of *Elizabeth Hanley v. Trizetto Corporation,* United States District Court for the District of Colorado case number 13-cv-01667-PAB-KLM.

2. I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

3. I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to before me this _____ day of _____, 20\_\_\_.

_____

Notary Public, _____ County, State of _____

[seal]