IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01667-KLM

ELIZABETH HANLEY,

      Plaintiff,

v.

TRIZETTO CORPORATION, a Delaware Corporation,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the parties' **Joint Motion to Vacate Supplemental Briefing Schedule and Stay Discovery** [#43][1] (the "Motion"). On March 18, 2014, the Court entered a Minute Order [#42] informing the parties that it is converting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [#31] filed pursuant to Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See Minute Order* [#42] at 2. As a result of the conversion of the motion, the Court allowed the parties the opportunity to file supplemental briefs. *Id.* In the Motion, the parties inform the Court that they "are satisfied that they have fully briefed their arguments," ask the Court to vacate the schedule set for supplemental briefing, and request a stay of all discovery pending a ruling on the motion for summary judgment. *Motion* [#43] at 1-2. The parties

_____

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

further make clear that if the stay is granted and the motion for summary judgment is denied, they "will file a Joint Motion to Modify the Court's Scheduling Order (Doc. No. 27) to set new case deadlines . . . ." *Id.* at 2.  For the reasons stated below, the Motion [#43] is **GRANTED**.

## I.  Analysis

### A.  Supplemental Briefing Deadlines

As noted in the Minute Order notifying the parties that the Court would convert the Rule 12(b)(6) motion into a Rule 56 motion,

> Prior to converting a Rule 12(b)(6) motion to a Rule 56 motion, the "court must first notify the parties of the conversion and provide an opportunity to present all materials pertinent to such a motion under" Rule 56. *Alloway v. Jordan*, 69 F.App'x 431, 433 (10th Cir. July 7, 2003) (table decision) (citing *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995).

*Minute Order* [#42] at 2.  However, the parties are not required to submit additional materials or provide additional legal arguments if they are satisfied with the materials already submitted to the Court.  Accordingly, to the extent the parties ask the Court to vacate the deadlines for the submission of supplemental briefs, the Court **grants** the Motion [#43].  The Court will treat the Rule 56 motion as ripe as of the date of this Order.

### B.  Stay of Discovery

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District.") (citation omitted); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice either party, as they

3

jointly filed the Motion.  Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay.  With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.  Accordingly, to the extent the parties seek a stay of discovery, the Court **grants** the Motion [#43].

## II.  Conclusion

IT IS HEREBY **ORDERED** that the Motion [#43] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#31], which was converted to a motion for summary judgment [#42].

IT IS FURTHER **ORDERED** that the Trial Preparation Conference set for November 20, 2014, at 10:30 a.m. and the five-day Jury Trial set to begin on December 1, 2014 at 8:30 a.m. are **VACATED**.

IT IS FURTHER **ORDERED** that if the Court denies Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#31], which was converted to a motion for summary judgment [#42], the parties shall file a joint motion to amend the Scheduling Order [#27]

4

that includes: (1) proposed discovery deadlines, (2) a Trial Preparation Conference date[2], and (3) Jury Trial dates, within 21 days of entry of the Court's order regarding the motion.

Dated:  March 26, 2014                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[2]  The parties may jointly call chambers at (303) 335-2770 to discuss potential Trial Preparation Conference and Jury Trial dates.