IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01667-KLM

ELIZABETH HANLEY,

    Plaintiff,

v.

TRIZETTO CORPORATION, a Delaware Corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion to Dismiss Plaintiff's First Amended Complaint** [#31][1] (the "Motion"). Plaintiff filed a Response [#37] to the Motion and Defendant filed a Reply [#39] in further support of the Motion. On March 18, 2014, the Court entered a Minute Order [#42] informing the parties that it was converting Defendant's Motion [#31] filed pursuant to Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See Minute Order* [#42] at 2. As a result of the conversion of the Motion, the Court allowed the parties the opportunity to file supplemental briefs. *Id.* In their Joint Motion to Vacate Supplemental Briefing Schedule and Stay Discovery [#43] (the "Motion to Stay"), the parties informed the Court that they "are satisfied that they have fully briefed their arguments," asked the Court to vacate the schedule set for supplemental

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

briefing, and requested a stay of all discovery pending a ruling on the Motion  *Motion to Stay* [#43] at 1-2.  On March 26, 2014, the Court granted the Motion to Stay.  *Order* [#44] at 4.  The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#31] is **DENIED**.

## I.  Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

## II.  Summary of the Case

Plaintiff initiated this lawsuit on June 25, 2013.  *See generally Complaint* [#1].  On July 17, 2013, she filed her First Amended Complaint and Jury Demand [#13] (the "Amended Complaint"), the operative complaint in this action.  In the Amended Complaint, Plaintiff asserts two causes of action.  First, she brings a claim under Title VII, alleging that Defendant discriminated and retaliated against her because of her gender.  *Am. Compl.* [#13] ¶¶ 38-40.  Second, Plaintiff brings a retaliation claim pursuant to 42 U.S.C. § 1981, alleging that she "engaged in protected activity by opposing discrimination based upon race and national origin[ ]" and that Defendant "knowingly and willfully engaged in illegal employment practices and policies that have discriminated against Plaintiff based upon her protected conduct."  *Id.* ¶¶ 42-43.  Plaintiff seeks injunctive relief, declaratory relief, monetary damages, attorney fees, costs, and interest.  *Id.* ¶ 46.

In response to the Amended Complaint, Defendant filed the instant Motion [#31]. In the Motion, Defendant argues that "Plaintiff is judicially estopped from bringing her claims

against [Defendant] because she took a contrary position before the United States Bankruptcy Court for the District of Colorado in Case No. 10-37739-SBB when she asserted under oath and penalty of perjury that she had no such claims." *Motion* [#31] at 1. Defendant maintains that "[t]he Bankruptcy Court relied on [Plaintiff's] assertions and adopted her position when it entered an Order discharging Plaintiff's significant debts and closing the Chapter 7 case." *Id.* Defendant further argues that Plaintiff had knowledge of her potential claim against Defendant between May 21, 2010 and November 17, 2010 and that she filed for bankruptcy on October 31, 2010, "less than a month before [she] filed her Charge of Discrimination" against Defendant. *Id.* at 2. Defendant, therefore, argues that Plaintiff is judicially estopped from asserting the two claims she brings in the instant action. *Id.* at 6-11. Defendant further argues that any claim that Plaintiff's failure to disclose her potential claims against Defendant in her bankruptcy was inadvertent must be rejected. *Id.* at 11-12.

Defendant attaches the following documents in support of the Motion: (1) a Charge of Discrimination brought by Plaintiff against Defendant, dated November 17, 2010 [#31-1] (the "Charge of Discrimination"); (2) a Chapter 7 Bankruptcy Petition filed by Plaintiff on October 31, 2010 [#31-2] (the "Bankruptcy Petition"); (3) the Discharge of Debtor entered in Plaintiff's bankruptcy case [#31-3] (the "Discharge"); (4) the docket from Plaintiff's bankruptcy proceeding [#31-4] (the "Bankruptcy Docket"); (5) the Order Accepting Trustee's Report and Closing Case entered in Plaintiff's bankruptcy case [#31-5]; (6) the Motion to Reopen Case-Discharge Entered filed in Plaintiff's bankruptcy case [#31-6]; and (7) the Amended Motion to Reopen Case-Discharge Entered filed in Plaintiff's bankruptcy case [#31-7] (the "Amended Motion to Reopen").

In her Response, Plaintiff argues that summary judgment should not be granted because judicial estoppel should not be applied in this circumstance. *Response* [#37] at 8-10. Specifically, she maintains that she did not knowingly take inconsistent positions. *Id.* at 10. Instead, she argues that she "was misled by her first lawyer who advised her that a potential EEOC charge should not be disclosed as an asset in bankruptcy because it did not constitute a case or claim until the EEOC process was completed." *Id.* at 12. Plaintiff further argues that she "was *not* aware that a claim of employment discrimination constituted the sort of 'injury' claim that might need to be disclosed . . . ." *Id.* (emphasis in original). In addition, she maintains that she received no unfair benefit. *Id.* at 12-13. Plaintiff argues that the Bankruptcy Court is no longer relying on her prior failure to list her potential claims against Defendant because she has reopened her bankruptcy case. *Id.* at 14. Finally, Plaintiff further argues that equitable considerations mitigate against estoppel. *Id.* at 14-15.

In support of her Response, Plaintiff submitted the Affidavit of Elizabeth Hanley, [#37-1] at 1-7, (the "Hanley Affidavit"), discussing the history of her bankruptcy case and the present action, the advice she received from various attorneys, and the status of her bankruptcy case. The Hanley Affidavit attaches the following documents: (1) a June 11, 2010 letter to Defendant's Chief Financial Officer from attorney Valerie Malara, sent on behalf of Plaintiff, [#37-1] at 8-9; (2) a June 28, 2011 letter to the EEOC from Plaintiff, [#37-1] at 10; (3) a "Bankruptcy questionaire" [sic] bearing attorney Richard Pierce's name and address at the top that is competed with Plaintiff's information, [#37-1] at 11-36; (4) an agreement entered into by Plaintiff and Glen R. Anstine, the Chapter 7 Trustee in her bankruptcy, dated December 19, 2013 [#37-1] at 37-38, (the "Agreement"). The Response

4

also attached the Affidavit of Richard H. Pierce, [#37-1] at 40-41, (the "Pierce Affidavit").

In its Reply, Defendant offers two main arguments. First, the exception to judicial estoppel carved out in circumstances of inadvertence or mistake does not apply here. *Reply* [#39] at 2-7. Second, Plaintiff's argument regarding equitable considerations does not militate against the application of judicial estoppel. *Id.* at 7-8.

### III. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a *prima facie* showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his

claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

### IV. Findings of Fact

Based on the record, the Court makes the following findings of fact:

- On October 31, 2010, Plaintiff filed her Bankruptcy Petition [#31-2]. *See generally Bankruptcy Petition* [#31-2].

- On November 17, 2010, Plaintiff filed a Charge of Discrimination [#31-1] with the Colorado Civil Rights Division of the EEOC, alleging that Defendant discriminated against her during the period February 1, 2007 through May 21, 2010, based on her sex and age. *See Charge of Discrimination* [#31-1] at 1.

- Plaintiff did not disclose her potential claim against Defendant on her Bankruptcy Petition. *See id.* at 14 (asking petitioner to list all "[c]ontingent and unliquidated claims of every nature . . . .").

- On April 7, 2011, Plaintiff's debt was discharged by the bankruptcy court. *See Discharge* [#31-3] at 1.

- Plaintiff initiated this lawsuit on June 25, 2013. *See Complaint and Jury Demand* [#1] at 1.

- On August 22, 2013, Plaintiff filed the Amended Motion to Reopen, which disclosed that she "held a potential employment discrimination claim on the date of filing of her petition" and that she "was unaware that the claim must be disclosed as an asset." *Amended Motion to Reopen* [#31-7] at 1.

- Plaintiff's bankruptcy case was reopened on October 4, 2013. *Bankruptcy Docket* [#31-4] at 3.

- On December 19, 2013, Plaintiff entered into the Agreement with the bankruptcy trustee. *See generally Agreement* [#37-1] at 37-38.

- In the Agreement, the bankruptcy trustee conveyed "to [Plaintiff] the estate's interest in the litigation claims," subject to the approval of the bankruptcy court. *Id.* at 37.

- In return, Plaintiff agreed to pay the trustee, on behalf of the estate, $25,000, plus 10% of her net recovery from the instant litigation. *Id.*

## V. Analysis

The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) (quoting *New Hampshire*, 532 U.S. at 749-50). "Three factors 'typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case.'" *Id.* (modification in original) (quoting *New Hampshire*, 532 U.S. at 750)  These three factors are:

> First, a party's subsequent position must be clearly inconsistent with its former position.  Next, a court should inquire whether the [ ] party succeeded in persuading the court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled.  Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Id.* (emphasis in original) (quotation and internal modifications omitted). These factors are not "an exhaustive formula for determining the applicability of judicial estoppel." *New Hampshire*, 532 U.S. at 751. "Additional considerations may inform the doctrine's application in specific factual contexts." *Id.* For example, it "may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Id.* at 753.

Courts have disagreed over whether a debtor's attempt to bring undisclosed pre-bankruptcy claims is a standing defect or raises a judicial estoppel issue. *Canen v. U.S. Bank Nat. Ass'n*, 913 F. Supp. 2d 657, 659 (N.D. Ind. 2012). In *Clementson v. Countrywide Fin. Corp.*, ("Clementson I") 464 F. App'x 706 (10th Cir. 2012), the Tenth Circuit adjudicated a case involving an alleged breach of contract, breach of implied covenant of good faith and fear dealing, and violation of the CCPA. It analyzed the plaintiff's claims for monetary relief in the context of standing, affirming the district court's determination that the plaintiff's failure to list his causes of action in his bankruptcy petition divested him of standing in the underlying litigation. *See Clementson I*, 464 F. App'x at 711. In this case, however, on December 19, 2013, the bankruptcy trustee entered into the Agreement with Plaintiff in which the trustee conveyed the bankruptcy estate's interest in the instant litigation to Plaintiff. *Agreement* [#37-1] at 37-38.[2] Accordingly, the Court will

---

[2] The Court takes judicial notice that on January 27, 2014, the bankruptcy court entered its Order Concerning Trustee's Application to Sell Property of the Estate, approving of the Agreement. *See Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n.2 (D. Colo. Nov. 22, 2006) ("This court may take judicial notice of court documents and matters of public record.") (citations omitted).

address Plaintiff's claims in the context of judicial estoppel.[3]  *See, e.g., Cheyenne Hotel Inv., LLC v. Colo. Cas. Ins. Co.*, No. 13-cv-02027-RPM, 2014 WL 2207082 at *3 (D. Colo. May 28, 2014) (analyzing judicial estoppel argument regarding failure to properly disclose information in bankruptcy proceeding); *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2014 WL 553486 *3-6 (D. Colo. Feb. 12, 2014) (same).

"The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims.  That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) (citation omitted).  "[A] cause of action accrues when the plaintiff has knowledge of the facts essential to the cause of action." *Clementson I*, 464 F. App'x at 713.  "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that [she] may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999), *cert. denied*, 120 U.S. 936 (2000) (quoting *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus, Inc.)*, 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995)).

---

[3] Further, "[a] plaintiff remains the real party in interest to bring claims seeking injunctive or declaratory relief even if those claims were not disclosed in an earlier bankruptcy proceeding." *Grillo v. JPMorgan Chase & Co.*, 2014 WL 2442534 *4 (D. Colo. May 30, 2014) (citing *Clementson, v. Countrywide Fin. Corp.*, No. 10-cv-01956-WYD-KMT, 2011 WL 1884715, at *6 (D. Colo. Jan. 27, 2011) ("Clementson II") (other citations omitted)).  Here, Plaintiff seeks monetary, injunctive, and declaratory relief.  Therefore, regardless of the standing issue, the Court would still analyze the judicial estoppel argument with regard to Plaintiff's request for injunctive and declaratory relief.

### A.    Inconsistent Positions

In order for the Court to apply judicial estoppel, Plaintiff's "subsequent position must be clearly inconsistent with [her] former position." *Eastman*, 493 F.3d at 1156 (internal quotation marks omitted).  Here, there is no dispute that Plaintiff initially did not disclose her potential claims against Defendant in her Bankruptcy Petition.  "[F]ailure to disclose such a claim creates a clear inconsistency." *Archuleta v. Wagner*, No. 06-cv-02061-LTB, 2007 WL 3119615, at *3 (D. Colo. Oct. 22, 2007) (citing *Eastman*, 493 F.3d at 1159). Accordingly, the Court must conclude that plaintiff took inconsistent positions in her bankruptcy case and the instant action.

Plaintiff argues that her failure to disclose her potential claim was inadvertent. *Response* [#37] at 12.  The Court will discuss the exception to judicial estoppel in cases of inadvertence or mistake below.

### B.    The Bankruptcy Court Was Persuaded

The Tenth Circuit has explained that

> [i]n considering this second factor, "a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Eastman*, 493 F.3d at 1156 (alteration omitted).

*Queen*, 734 F.3d at 1091.  The Tenth Circuit further explained that Plaintiff's motive is not the Court's concern. *Id.* Instead, the Court should be concerned with the "risk of inconsistent court determinations" that may 'pose a threat to judicial integrity.'" *Id.* (quoting *Paup v. Gear Prods., Inc.*, 327 F.App'x 100, 107 (10th Cir. 2009) (unpublished decision)).

In *Queen*, the debtors amended their bankruptcy filings prior to discharge of their debt.  Therefore the court found that, "the relevant question [wa]s whether [Plaintiff]

persuaded the bankruptcy court to adopt an inconsistent position based on [her] representations in the amended filings." Here, Plaintiff argues that the bankruptcy court "is not relying on [her] prior failure to list her employment claim" because "her bankruptcy has been reopened, she has requested to amend her bankruptcy filing to reflect her employment claims, and her creditors are likely to be compensated . . . ." *Response* [#37] at 14. However, the parties have submitted no evidence that Plaintiff's Bankruptcy Petition has been amended. Accordingly, based on the evidence before the Court, the Court must conclude that the bankruptcy court was persuaded that Plaintiff did not have a potential claim against Defendant when it entered the Discharge [#31-3] based on her Bankruptcy Petition [# 31-1]. *See Archuleta*, 2007 WL 3119615, at *3 ("[I]f the bankruptcy court proceeds as if no pending civil claim exists, this creates a perception that the bankruptcy court was misled." (citing *Eastman*, 493 F.3d at 1159)).

**C.    Unfair Advantage**

Binding case law informs the Court that a plaintiff who seeks to reopen her bankruptcy case to add a claim only *after* the party defending against that claim in the district court raises the specter of judicial estoppel should be judicially estopped from pursuing the claim. *Paup*, 327 F.App'x at 107-08; *Eastman*, 493 F.3d at 1159-60; *Ardese v. DCT, Inc.*, 280 F.App'x 691, 695 (10th Cir. May 29, 2008) ("Simply put, the initial favorable Chapter 7 discharge [plaintiff] received was sufficient to establish a basis for judicial estoppel, even if the discharge was later vacated." (internal quotation marks and citation omitted)). "If debtors could do so, they would have little incentive to be 'completely truthful' in their disclosures." *Id.* (citing *Eastman*, 493 F.3d at 1159). This would create "a non-trivial incentive [for debtors] to try to game the system by disclosing civil lawsuits in

their bankruptcy proceedings only when they must, not when they should." *Id.* (citing *Eastman*, 493 F.3d at 1159).

Here, however, Plaintiff sought to reopen her bankruptcy case on August 22, 2013, almost four months *before* the instant Motion raising judicial estoppel was filed. *Compare Amended Motion to Reopen* [#31-7] at 1, *with Motion* [#31] at 1. In addition, *before* the Motion was filed, Plaintiff entered into the Agreement with the bankruptcy trustee in which she agreed to pay $25,000 into the estate and to forfeit ten percent of her net recovery to the estate in exchange for the right to pursue this action. *Agreement* [#37-1] at 37-38.

Notably, "[v]oluntary amendment presents quite a different equitable scenario than that presented" in *Paup* and *Ardese*. *Ardese*, 280 F.App'x at 696. In *Archuleta*, 2007 WL 3119615 (D. Colo. Oct. 22, 2007), this Court addressed the question of whether a plaintiff who failed to disclose a potential claim in her bankruptcy case, but amended her bankruptcy petition to reflect her potential claim, should be judicially estopped from pursuing her claim. *Id.* at *1-7. The Court concluded that plaintiff should not be judicially estopped from pursuing her claim because such failure was due to inadvertence. *Id.* at *7. In that case, the Court noted that "[c]ourts are less inclined to apply judicial estoppel when the plaintiff has voluntarily amended her bankruptcy petition without being forced to do so by the actions of her civil opponent." *Id.* at *5. The Court further explained that "[a] plaintiff's motive can be sometimes inferred from the fact that she will benefit from her failure to disclose if such failure protects her settlement or litigation award from the reach of her creditors." *Id.* (citation omitted). "Where the underlying claims are not subject to levy by the debtor's creditors, however, such an inference is not necessarily warranted." *Id.* (citation omitted). The Court concluded that the plaintiff's failure to disclose was

inadvertent and denied the defendant's motion for summary judgment. *Id.* at *6-7.

Defendant argues that *Archuleta* is distinguishable because in that case (1) the plaintiff's undisclosed cause of action arose after the plaintiff filed for bankruptcy and (2) the plaintiff in that case remedied her nondisclosure while her bankruptcy case was open. *Reply* [#39] at 8. While the Court is mindful of the differences between *Archuleta* and this case, the Court's analysis must be based on its determination of whether Plaintiff both had knowledge of her potential claims and a motive to conceal them from the bankruptcy court. In *Queen*, the Tenth Circuit explained

> that "courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Eastman,* 493 F.3d at 1157 (internal quotations omitted). Thus, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times *sub silentio,* infer deliberate manipulation." *Id.*

*Queen*, 734 F.3d at 1093.

Here, Plaintiff presents compelling evidence that her nondisclosure was inadvertent because she did not have a motive to conceal the claims from her creditors. First, she took steps to reopen her bankruptcy case and amend her Bankruptcy Petition soon after initiating this action. Further, the Court cannot infer a motive to conceal the potential claims against Defendant when Plaintiff has agreed that a portion of any potential recovery she receives from Defendant will go to her estate and, eventually, to her creditors. *Hanely Aff*. [#37-1] ¶ 14 ("Mr. Anstine offered to assign my employment claims to me in return for a payment to be distributed among my creditors, and I have accepted his offer . . . ."); *Agreement* [#37-1] at 37. Further, Plaintiff also paid $25,000 to the estate in exchange for the right to pursue this litigation, taking on the risk that she may recover nothing in this

litigation. These actions lead the Court to conclude that Plaintiff did not have a motive to conceal her potential claims, but rather, as she states in her affidavit, she "never intended at any point to mislead the bankruptcy court . . . ." *Hanley Aff.* [#37-1] ¶ 13.

As in *Archuleta*, here, "[t]he harsh results that would follow from application of judicial estoppel in this instance require [the Court] to proceed with extreme caution." *Archuleta*, 2007 WL 3119615, at *6. Not only would Plaintiff be estopped from pursuing her claims against Defendant, her creditors would also be estopped from obtaining additional amounts based on any recovery in this case. Keeping in mind that the "purpose [of judicial estoppel] is to protect the integrity of the judicial process," *New Hampshire*, 532 U.S. at 749 (internal quotation marks and citation omitted), and that "judicial estoppel is an equitable doctrine invoked by a court at its discretion," *id.* at 750 (internal quotation marks and citation omitted), the Court finds that Plaintiff should not be judicially estopped from pursuing her claims against Defendant in this case because her nondisclosure was inadvertent.

## VI. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#31] is **DENIED**. Accordingly,

IT IS FURTHER **ORDERED** that the stay of discovery entered on March 26, 2014 is **LIFTED**.

IT IS FURTHER **ORDERED** that, on or before **September 30, 2014**, the parties shall submit a Proposed Amended Scheduling Order for the Court's consideration.

Dated: August 26, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

14